# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-752V
UNPUBLISHED

| | |
|---|---|
| SAMUEL N. STOKES, as Personal Representative Of the Estate of SALLY STOKES,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: October 19, 2020<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On May 21, 2019, Sally Stokes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] The Petition alleges that Ms. Stokes suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as a result of an influenza ("flu") vaccination she received on September 11, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] On October 1, 2020, Samuel N. Stokes was substituted as Petitioner as the Personal Representative of the Estate of Sally Stokes.

On October 15, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

> DICP has concluded that [Ms. Stokes] medical course is consistent with SIRVA as defined by the Vaccine Injury Table and corresponding Qualifications and Aids to Interpretation. Specifically, [she] had no pre-vaccination history of chronic pain, inflammation, or dysfunction of her right shoulder; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain [her] shoulder pain. 42 C.F.R. §§ 100.3(a) & (c)(10).

*Id.* at 6.  Respondent further agrees that Ms. Stokes "suffered the residual effects of her condition for more than six months." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                            <u>s/Brian H. Corcoran</u>
                                            Brian H. Corcoran
                                            Chief Special Master